# In re Estate of Mellott

C.P. of Fulton County, no. 7 of 1994 OC.

*James M. Schall,* for petitioner.
*Stanley J. Kerlin,* for Milius.
*John M. Zimmerman,* for the Martins.

WALKER, *P.J.,* February 6, 2001—

## BACKGROUND

On June 27, 2000, petitioner Fulton County National Bank, acting as court-appointed guardian for Ashley Mellott, requested the court's approval of a private sale of her 1/3 interest in property previously owned by her father, Gary Mellott (now deceased). At that time, petitioner averred that it intended to sell the minor's interest of approximately 86.81 acres to Dale W. Martin, along with her sisters' remaining 2/3 shares in the property, for a total of $330,000. The bank explained that both of the minor's sisters had already executed an agreement of sale for their 2/3 interests in the property to Mr. Martin, and that it had also signed the agreement on the minor's behalf, contingent upon the court's approval.

Shirley Mellott, the minor's natural mother, filed objections to the proposed sale to Martin on July 13, 2000, maintaining that the sale was not in the minor's best interest because there existed a potential purchaser, Peter Milius, who was willing to pay approximately $7,500 above Mr. Martin's offer. Mrs. Mellott further complained that the bank, by and through Stra-Wood Realty, did not adequately advertise the property for sale and essentially gave sole consideration to Mr. Martin's offer. Finally, Mrs. Mellott suggested that Mr. Martin intended to use

the entire property for a concentrated swine operation and that, therefore, the sale was not in the minor's interest since she would live near a potential pollutant and/or nuisance.

A hearing on the matter was held on July 18, 2000, after which the court denied the petition because the sale was not publicly listed, there were higher backup bids on the property and the appraisal of the property exceeded the contract price to Mr. Martin by approximately $29,000. On October 17, the bank then filed a second petition to allow the sale to Mr. Martin, presumably because it had remedied the defects which prompted the court's denial of the first sale to Mr. Martin. The bank averred in its second petition that, upon a survey of the property and resulting amended appraisal, Mr. Martin's initial offer on the minor's interest in the property was increased to $125,000.

Mrs. Mellott again filed objections to the proposed sale because (1) the bank had not offered to sell the interest to backup bidders or the general public, (2) that competitive bidding would have gotten a higher price for the minor, (3) the property was never publicly advertised for sale, (4) the bank dealt exclusively with Mr. Martin, (5) the bank never contacted backup bidders regarding the proposed sale, (6) the bank improperly disclosed the newly-appraised value of the interest to Mr. Martin, (7) Peter Milius is willing and able to purchase the property and (8) the identity of the buyer was not disclosed. She also maintains that the realtor's commission and guardian's fee should be allowed only on the original purchase price of $110,000. Finally, Mrs. Mellott objects to the joinder of Dale W. Martin, Leonard R. Martin and Dean R. Weaver to the instant action.

A hearing was accordingly held on the instant petition on November 14, 2000 and all interested parties provided the court with briefs following the hearing. The court, by order dated December 8, 2000, directed Mr. Milius to provide the court with an affidavit to assure the court that, should the court order a public auction of the property, he would submit a bid of at least $126,000. The order further required Mr. Milius to submit a letter of credit to the court indicating that he was able to procure a loan of no less than $150,000. Mr. Milius subsequently forwarded both documents to the court on December 27, 2000.

## DISCUSSION

Before turning to the merits of the petition, it is first necessary to resolve the joinder issue. While the Pennsylvania Orphans' Court Rules do not expressly address the issue of joinder in a proceeding such as this, the rules allow for a petition to be presented, and then "a party opposing the granting of the prayer of the petition" may file an answer to the petition. Pa.O.C.R. no. 3.2. But such an opposing party is not a "defendant," nor is the petitioner a "plaintiff," as in a standard civil action. Thus, the court must agree with Mrs. Mellott that any motion for joinder per se in an orphans' court matter of this nature is unauthorized. Though the court recognizes that Msrs. Martin, Martin and Weaver have a clear interest in the instant proceedings, those interests should be ably advanced by the bank, just as Mr. Milius' interests have been advanced by Mrs. Mellott.

The paramount issue instantly is whether the sale of the 1/3 interest to Mr. Martin for $125,000 is in the minor's best interest. Section 5155 of title 20 provides the following:

*"Section 5155. Order of court*

"Whenever the court finds it to be *for the best interests of the minor,* a guardian may, for any purpose of administration or distribution, and, on the terms, with the security and after the notice directed by the court:

"(1) sell at public or private sale, pledge, mortgage, lease or exchange any real or personal property of the minor;

"(2) grant an option for the sale, lease or exchange of any such property;

"(3) join with the spouse of the minor in the performance of any of the foregoing acts with respect to property held by the entireties; or

"(4) release the right of the minor in the property of his spouse and join in the deed of the spouse in behalf of the minor." 42 Pa.C.S. §5155. (emphasis added)

The bank's proposed sale of her 1/3 interest to Mr. Martin's revised offer would be in her interest, but NOT in her *best* interest. Frankly, the minor's best interest in this matter comes down to how much money she can get for her share of the property. At the November 14, 2000 hearing, however, Mr. Milius testified that he was willing to at least match Mr. Martin's offer, and most likely best it. Since the hearing, he has put his money where his mouth is by forwarding an affidavit to the court which verifies that he stands ready and willing to open his bid at the amount of Mr. Martin's latest offer. Further, the court has also been assured that Riggs Bank in Washington, D.C. will extend him a loan in the amount of $200,000. Therefore, the court will hold a private auction and afford both Mr. Martin and Mr. Milius the opportunity to outbid each other. Certainly, the minor's best interest will be provided for by this scenario and the matter can be put to rest.

Before concluding, the court must note that Mrs. Mellott's objections to the bank's management of her daughter's 1/3 interest are well taken. The court is likewise displeased by the bank's activities surrounding the transaction. Proposing to sell her interest without an accurate measure of the total acreage at issue and without an accurate appraisal is an affront to the duties to which it consented to conform. As a guardian, the bank must be concerned solely with the minor's best interests. It is not entirely clear that her interests were of the utmost concern and, indeed, the evidence presented at the hearing suggests that there was an unspoken partnership between Stra-Wood Realty and certain officers of Fulton County National Bank and Trust Company. As a result, this court will be hesitant to appoint the bank to act as guardian in future cases.

An appropriate order follows.

### ORDER

February 6, 2001, having again considered petitioner Fulton County National Bank and Trust Company's petition for permission to sell a minor's real estate at private sale under Probate, Estates and Fiduciaries Code, section 5155, the evidence presented at the November 14, 2000 hearing, the briefs submitted by all interested parties, the affidavit of Peter Milius concerning his willingness to bid upon the minor's 1/3 portion of the property in question and the letter of credit from Riggs Bank, the court enters the following order:

(1) The instant petition is denied, and a private auction between Mr. Martin and Mr. Milius shall be held at 2 p.m. on Tuesday, February 20, 2001, in the Fulton County Courthouse.

(2) The joinder of Dale W. Martin, Leonard R. Martin and Dean R. Weaver is denied.

(3) The following shall be the terms of the auction:

"(a) Parties to the auction shall submit their bids in open court.

"(b) The purchaser shall remit 20 percent of the total purchase price on the date of the auction, and the remaining balance shall be paid within 30 days.

"(c) All realty transfer taxes shall be divided equally between buyer and seller.

"(d) The real estate taxes (both school and county) shall be pro-rated between the buyer and seller as of the date of final settlement."

(4) The realtor's commission for Stra-Wood Realty and the guardian fee for Fulton County National Bank and Trust shall be calculated in accordance with Mr. Martin's initial offer of $110,000, as opposed to whatever amount is settled upon at the February 20, 2001 auction.